**Nelida WHARTON, on behalf of Biriam WHARTON, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

No. 84 CV 3851.

United States District Court, E.D. New York.

April 12, 1989.

---

904

Ira I. Van Leer, New York City, for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. (Peter R. Ginsberg, Asst. U.S. Atty., of counsel), Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended ("Act"), 42 U.S.C. § 405(g), for judicial review of a final determination of the Secretary of Health and Human Services ("Secretary") which denied the plaintiff's motion to reverse a previous decision of the Secretary. Both the plaintiff and the defendant move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

## FACTS

On September 12, 1978, Jesus Manual Wharton, the deceased wage earner ("DWE") was shot to death in Brooklyn, New York (Tr. 142). His wife, Nelida Wharton, the plaintiff in this action, subsequently filed for surviving child insurance benefits on behalf of their child Biriam (Tr. 137). The application was granted and benefits were awarded (Tr. 137).

Four years later Elizabeth Lopez filed for surviving child insurance benefits on behalf of her child Gloria (Tr. 136–140). Ms. Lopez claimed that the DWE was the father of her child (Tr. 138). Her application was approved and benefits were awarded (Tr. 136–140). By finding that Gloria was the second child of the DWE, the benefits of the first child, Biriam, were reduced (Tr. 15).

Plaintiff, the parent of the first child, Biriam, requested a hearing, alleging that Gloria was not the child of the DWE and, therefore, Biriam's benefits should not be reduced (Tr. 137). Plaintiff's request for a hearing was granted and held on January 27, 1984 (Tr. 22–1350). The following evidence relevant to Gloria's paternity was adduced.

Plaintiff testified that she married the DWE on February 2, 1976 (Tr. 51). Their daughter Biriam was born on September 14, 1976 (Tr. 51). Sometime in 1977, the plaintiff claims that she and the DWE separated (Tr. 59). Initially, the plaintiff testified that after their separation, the DWE went back to live with his mother and stayed there until his death (Tr. 60). Later, however, plaintiff testified that she and the DWE lived together in their own apartment up until the time of his death (Tr. 80).

Ms. Lopez, on the other hand, testified that she lived with the DWE from April 1978 until August 1978 (Tr. 106). She claimed that the DWE was the father of her child Gloria (Tr. 137–140). When asked whether the DWE contributed to her support, Ms. Lopez testified that he paid her forty dollars a week rent for the room (Tr. 107).

Mr. Cruz, a friend and co-worker of the DWE testified that the DWE told him that Ms. Lopez was going to have the DWE's child (Tr. 94–95). He also stated that his mother had helped the DWE and Ms. Lopez find an apartment (Tr. 98).

The DWE's death certificate lists Elizabeth Lopez as the surviving spouse (Tr. 172). This information was supplied by the DWE's mother, Bienvenido Garcia (Tr. 142).

Gloria's birth certificate does not list the DWE or anyone else as being her father (Tr. 144). Ms. Lopez testified that the hospital would not let her list the DWE's name without his being there to verify that he was the father (Tr. 116). This statement is corroborated by N.Y. Public Health Law § 4135(2), which states that "[t]he name of the putative father of a child born out of wedlock shall not be entered on the certificate of birth prior to filing without the consent in writing of both the mother and the putative father." N.Y. Public Health Law § 4135(2) (McKinney 1988).

Gloria's Baptismal Certificate lists the DWE as her father (Tr. 145). The DWE's sister, Wanda Medina is listed as one of the sponsors on the certificate (Tr. 1450).

Both Wanda Medina and Carmen Medina, sisters of DWE, stated in a notarized letter that based on their knowledge, Gloria was the daughter of their brother, the DWE (Tr. 146).

The DWE's mother and his sister Carmen, later recanted their earlier statements. The DWE's mother signed an affidavit stating her son was not the father of Gloria (Tr. 183). Carmen signed an affidavit which stated that Biriam was the only child of the DWE (Tr. 183).

On March 22, 1980, the plaintiff and her daughter, however, sent a birthday card to Gloria (Tr. 160–161). The language of the card seems to indicate that the plaintiff acknowledged that Gloria was a child of the DWE (Tr. 160–161).

In a post-hearing decision, the ALJ concluded that Gloria was the child of the DWE pursuant to § 216(h)(3)(C) of the Act and therefore was entitled to benefits (Tr.

17). The decision of the ALJ became the final determination of the Secretary when the Appeals Council denied plaintiff's request for review on July 31, 1984 (Tr. 3–4).

## DISCUSSION

The issue presented in this case is whether the ALJ correctly determined that Gloria Wharton was a "child" of the DWE pursuant to § 216(h)(3)(C)(ii) of the Act and thus entitled to benefits. This Court's review is limited to whether the ALJ applied the proper legal principles and made findings of fact that are supported by substantial evidence. *See Rivera v. Harris,* 623 F.2d 212, 216 (2d Cir.1980); *Hammonds v. Bowen,* 652 F.Supp. 491, 493 (S.D.N.Y.1987).

Substantial evidence has been defined as that quantum of "'evidence more than a mere scintilla' which 'a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed. 2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

Under 42 U.S.C. § 402(d)(1) a child of an individual who died fully or currently insured by the Social Security Administration, as defined in § 214 of the Act, may be entitled to survivor's insurance benefits. An applicant may be deemed to be a child of an insured individual if the insured individual "is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died." 42 U.S.C. § 416(h)(3)(C)(ii).

Finding that Gloria was the natural child of the DWE and that Ms. Lopez lived with the DWE up until the time of his death, the Secretary concluded that Gloria was a child of the DWE and was entitled to receive benefits.

■ This Court finds that the Secretary's determination that the DWE is the father of Gloria is supported by substantial evidence. Likewise, the Secretary's determination that the DWE was living with Ms.

**906**

Lopez who was pregnant with Gloria is also supported by substantial evidence. The only evidence inconsistent with these conclusions is the conflicting statements made by the DWE's mother and sister. Since the credibility of testimony is a matter within the sole province of the Secretary as the trier of fact, *see Gonzalez v. Schweiker,* 540 F.Supp. 1256, 1260 (E.D.N.Y.1982), the Secretary was entitled to accord greater weight to Ms. Lopez's testimony which was entirely consistent.

Although the plaintiff did not raise the issue, a question arises as to whether a child who is not yet born can satisfy the "living with" requirements enumerated in 42 U.S.C. § 416(h)(3)(C)(ii). Since the Act's humanitarian aims call for a liberal interpretation, this Court finds that a child, in utero, satisfies the "living with" requirement of the statute. *See Adams v. Weinberger,* 521 F.2d 656, 659 (2d Cir.1975); *Hammonds v. Bowen, supra,* 652 F.Supp. at 494. The purpose of the Act is to provide support for children who have lost either actual or potential support of an insured parent. *See Jimenez v. Weinberger,* 417 U.S. 628, 634, 94 S.Ct. 2496, 2500, 41 L.Ed.2d 363 (1974). Thus the Act should be construed to confer benefits in marginal cases. *See Adams v. Weinberger, supra,* 521 F.2d at 659. Because the DWE was living with Ms. Lopez who was five months pregnant with Gloria at the time of his death, it is this Court's view that Gloria was also "living with" the DWE.

## CONCLUSION

Since the Secretary's findings are supported by substantial evidence and meet the requirements of the Act, the Secretary's motion for judgment on the pleadings is granted and the plaintiff's motion is denied.

SO ORDERED.